JOSEPH A. DORREMAN ET AL. *v.* DAVID A. L.
JOHNSON ET AL.
(AC 33614)

Lavine, Espinosa and West, Js.

Argued December 11, 2012—officially released February 26, 2013

*Jason L. McCoy*, for the appellants (plaintiffs).

*Thomas O. Anderson*, with whom, on the brief, was *Christin E. Sheehan*, for the appellee (named defefendant).

PER CURIAM. The plaintiffs, Joseph A. Dorreman and Patricia C. Dorreman, appeal from the summary judgment rendered by the trial court in favor of the defendant David A. L. Johnson, an orthopedic surgeon.[1] The plaintiffs claim that the court improperly (1) granted the defendant's motion to preclude expert testimony and (2) granted the defendant's motion for summary judgment. We affirm the judgment of the trial court.

The plaintiffs commenced this action in August, 2008, and later filed a two count revised complaint, dated January 8, 2009.[2] In count one, Joseph Dorreman alleged that in June, 2006, he received treatment from the defendant for a ruptured tendon in his right knee. Days after the defendant performed surgery to repair the tendon, it ruptured a second time. The defendant was aware of this fact, yet decided not to perform additional surgery to repair the affected tendon. In December, 2006, due to instability in his right knee, Joseph Dorreman fell as he was descending a staircase, thereby causing physical injuries that necessitated surgery to his left knee. The plaintiffs alleged that the defendant was negligent in his treatment of the plaintiff and that his negligence caused Joseph Dorreman to sustain various economic and noneconomic damages, including permanent physical injury. In count two, Patricia C. Dorreman brought

[1] In their initial complaint, the plaintiffs also brought claims against "David A. L. Johnson, M.D. . . . doing business as Eastern Orthopedics and Sports Medicine and Connecticut Orthopaedic Institute." Later, the court granted the named defendant's request to correct the record by removing from the action this "fictitious party," against whom the plaintiffs did not allege a cause of action in their revised complaint. In this opinion, we will refer to David A. L. Johnson as the defendant.

[2] Attached to the revised complaint was a good faith certificate signed by the plaintiffs' attorney as well as a written letter from a board certified orthopedic surgeon who opined that there was evidence of medical negligence. See General Statutes § 52-190a.

a claim sounding in loss of consortium. In his answer, the defendant denied that he acted negligently.[3]

In October, 2009, the court issued a scheduling order that required the plaintiffs to disclose expert witnesses on or before August 1, 2010. The order required that depositions of the plaintiffs' experts occur by September 15, 2010. The record does not reflect the disclosure of an expert witness by the plaintiffs.

On May 25, 2011, the defendant filed a motion to preclude the plaintiffs from disclosing any expert witnesses. In support of the motion, the defendant relied on the fact that no expert witness had been disclosed and that an untimely disclosure would interfere with the orderly progress of the trial, to the defendant's detriment. On June 1, 2011, the court, finding that the plaintiffs had not disclosed any expert witness, granted the defendant's motion.

On May 25, 2011, the defendant filed a motion for permission to file a motion for summary judgment. The court granted the motion. In the motion for summary judgment, the defendant argued that the plaintiffs had failed to disclose any expert witnesses and that, without expert testimony, the plaintiffs were unable to substantiate a prima facie case of medical malpractice.

On June 23, 2011, over the plaintiffs' objection, the court granted the motion for summary judgment. The court observed that the plaintiffs did not disclose an expert witness in this case and that the plaintiffs had not advanced any reason for their failure to do so. The court reasoned that the plaintiffs were required to present evidence that the defendant deviated from the standard of care and that such deficient treatment proximately caused injury. The court concluded that, without expert opinion from a similar health care provider,

---

[3] Additionally, the defendant raised a special defense that is not germane to this appeal.

with regard to both of these issues, the plaintiffs were unable to satisfy their burden of proof.[4]

## I

First, the plaintiffs claim that the court improperly granted the defendant's motion to preclude expert testimony. We disagree.

The plaintiffs argue that the ruling to preclude expert testimony was improper because "the rule was not clear" that they were required to disclose expert testimony, the sanction was disproportionately harsh, and they, in fact, timely disclosed an expert directly to the defense.

This action was commenced in August, 2008. Accordingly, Practice Book (2008) § 13-4 governs the disclosure of expert witnesses. See Practice Book § 13-4 (i) ("[t]he version of this rule in effect on December 31, 2008, shall apply to cases commenced on or before that date"). Under Practice Book (2008) § 13-4 (4), a plaintiff expecting to call an expert "shall disclose the name of that expert, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion, to all other parties within a reasonable time prior to trial. . . ." Additionally, the rule provides that if disclosure does not occur within a reasonable time prior to trial, "such expert shall not testify if, upon motion to preclude such testimony, the judicial authority determines that the

---

[4] The court rejected the plaintiffs' argument that the treatment records of physicians who treated Joseph Dorreman satisfied their burden of proof. The court observed that such treatment records did not contain expert opinion regarding the relevant standard of care or the issue of proximate cause. Insofar as the plaintiffs asserted that, apart from the documentary evidence already before the court, these treating physicians could provide sufficient expert testimony at trial, the court concluded that following the plaintiffs' failure to disclose any expert testimony, such evidence would be inadmissible.

late disclosure (A) will cause undue prejudice to the moving party; or (B) will cause undue interference with the orderly progress of trial in the case; or (C) involved bad faith delay of disclosure by the disclosing party. . . ." Practice Book (2008) § 13-4 (4). The rule also provides that expert witness information shall be timely disclosed in response to interrogatory requests. Practice Book (2008) § 13-4 (1) (A) and (4).

"The court's decision on whether to impose the sanction of excluding the expert's testimony . . . rests within the sound discretion of the court. . . . The action of the trial court is not to be disturbed unless it abused its legal discretion, and [i]n determining this the unquestioned rule is that great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness. . . . In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did." (Internal quotation marks omitted.) *McVerry* v. *Charash*, 96 Conn. App. 589, 594–95, 901 A.2d 69, cert. denied, 280 Conn. 934, 909 A.2d 961 (2006).

The plaintiffs' argument that the rule requiring disclosure "was not clear" is unavailing. The record reveals that the court issued a scheduling order that required the plaintiffs to disclose their expert witnesses by August 1, 2010. As set forth previously, the rules of practice required disclosure within a reasonable time prior to trial. It does not appear that the plaintiffs argued at any time before the trial court that the scheduling order was not sufficiently clear. Instead, the plaintiffs argued before the court that disclosure had taken place.

Likewise, the argument that the court's sanction was disproportionately harsh is without merit, as the rules of practice provide that the court, upon a proper finding,

may preclude expert testimony in its entirety. See Practice Book (2008) § 13-4 (4). Here, the court found that, in violation of its order, no disclosure had been made as of the eve of trial. The detriment and unfairness of the disclosure of an expert witness at this late date is obvious. In the absence of additional findings by the court, we presume that the court was persuaded by the defendant's arguments in support of the motion to preclude, specifically, that untimely disclosure would interfere with the orderly progress of the trial and cause undue prejudice to the defense. Affording the court's decision every reasonable presumption of correctness, we conclude that the court could have concluded that preclusion of any expert testimony was a fitting remedy.

To a large extent, the plaintiffs rely on their assertion that they disclosed an expert witness, Peter M. Schosheim, a board certified orthopedic surgeon, to the defense in December, 2008. They acknowledge that they did not file such disclosure with the court. The defendant's attorney represented to the court that he had not received such disclosure and, after the date on which the disclosure purportedly occurred, in response to an interrogatory by the defendant, the plaintiffs declined to identify Schosheim as having authored the plaintiffs' opinion letter required under General Statutes § 52-190a. The court, relying on the representations of the defendant's attorney and other facts apparent from the court file, found that the disclosure of an expert witness had not occurred. Because, on appeal, the plaintiffs do not clearly challenge this finding made incident to the court's decision, the plaintiffs' reliance on that purported disclosure is unpersuasive.

Having reviewed the record, we conclude that the court reasonably concluded as it did in granting the motion to preclude. The defendant has not demonstrated that the court's decision reflected an abuse of its discretion.

## II

Next, the plaintiffs claim that the court improperly granted summary judgment in the defendant's favor. We disagree.

We apply a plenary standard of review to the court's decision granting summary judgment, mindful that in determining whether any genuine issues of material fact exist, we must view the evidence in the light most favorable to the nonmoving party, the plaintiffs. See, e.g., *Hospital of Central Connecticut* v. *Neurological Associates, P.C.*, 139 Conn. App. 778, 782–83, 57 A.3d 794 (2012).

The plaintiffs do not dispute that, in accordance with well settled precedent; see, e.g., *Gold* v. *Greenwich Hospital Assn.*, 262 Conn. 248, 254–55, 811 A.2d 1266 (2002); they bore the burden of presenting expert testimony in this medical malpractice action with regard to the issues of the requisite standard of care, the deviation from that standard of care and causation. Rather, the plaintiffs argue that, regardless of the court's ruling on the motion to preclude, they presented sufficient expert opinion evidence. The plaintiffs argue that materials before the court, including the deposition testimony of the defendant and the disclosed treatment records of Durgesh G. Nagarkatti, a treating physician of Joseph Dorreman, satisfied their burden of proof. The plaintiffs appear to suggest that a jury, by comparing the treatment records of the defendant and Nagarkatti, reasonably could find that the defendant acted negligently.

Having reviewed the materials before the court at the time it rendered summary judgment and the arguments advanced in connection with the motion, we readily conclude that the plaintiffs, in opposing summary judgment, failed to demonstrate that a genuine issue of material fact existed. The materials relied on by the

plaintiffs, including treatment records and the deposition testimony of the defendant, did not contain expert opinion with regard to the requisite standard of care, deviation from the standard of care and causation and, thus, were not sufficient to demonstrate a prima facie case of medical malpractice. Accordingly, we conclude that summary judgment was proper.

The judgment is affirmed.